**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| R.J. Zavoral & Sons, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON MOTION FOR** |
| | ) | **TEMPORARY RESTRAINING ORDER** |
| vs. | ) | |
| | ) | Case No. 3:21-cv-00156 |
| Pembina County Water Resource District, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff R.J. Zavoral & Sons, Inc.'s ("RJZ") motion for temporary restraining order filed on July 27, 2021. Doc. No. 9. Defendant Pembina County Water Resource District ("District") responded in opposition to the motion on July 29, 2021. Doc. No. 14. The Court held a hearing on the motion and received supplemental briefing thereafter. Doc. Nos. 16, 17, 19. Asserting a violation of public procurement law, RJZ seeks to temporarily restrain the District from performing a contract for the Drain 13 Systems Improvement Project ("Drain 13 Project") with any other bidder. Because the Court lacks jurisdiction, this matter is dismissed.

**I.   BACKGROUND**

RJZ is a Minnesota corporation headquartered in East Grand Forks. Doc. No. 1, ¶ 1. Engaged in the construction business since the 1980s, RJZ frequently prepares and submits bids for public improvement projects. Id. ¶¶ 2, 8. The District is a political subdivision of the State of North Dakota. Id. ¶ 3.

In May or June 2021, the District published an advertisement soliciting bids for the Drain 13 Project. Id. ¶ 10. The Drain 13 Project called for excavation and installation of corrugated metal pipe and flap gates for a drain system in Pembina County, North Dakota. Id. ¶ 11. The

advertisement specified, "Contracts shall be awarded on the basis of a low bid submitted by a responsible and responsive bidder for the aggregate sum of all bid items." Id. ¶ 12.

Bids were due on or before June 21, 2021 at 4:30 p.m. Id. ¶ 13. RJZ timely submitted a bid totaling $168,272. Id. ¶ 15. RJZ incurred significant costs to prepare the bid. Id. ¶ 14.

Once the window to submit bids ended, the District publicly opened and read aloud the bids of several contractors—among them RJZ's. Id. ¶ 16. All told, RJZ tendered the lowest bid. Id. ¶ 17. The next lowest bid opened and read came from Triple D Construction & Leasing, Inc. ("Triple D"). Id. ¶ 18. Triple D's bid exceeded RJZ's by $1,600. Id.

The day after the bid opening, on June 22, 2021, the District's Board of Managers ("Board") convened for its regular weekly meeting. Id. ¶ 19. The meeting minutes indicate that Board members opened bids from RJZ and three other contractors and voted unanimously to "accept all bids as presented." Doc. No. 1-2, p. 1. The bids were then forwarded to the project engineer for review and award. Id.

Then on June 29, 2021, the Board met again and further deliberated the Drain 13 Project. Doc. No. 1, ¶ 22. After contacting several references, Board members voiced concerns with RJZ's history of timeliness issues on other projects in the region. Doc. No. 1-3, p. 1. The Board proceeded to underscore "the difference between the two lowest bids being less than $2000." Id. at 2. Based on the reported timeliness issues, the Board unanimously voted to reject RJZ's bid. Id. The Board instead awarded the Drain 13 Project to Triple D. Id.

On June 30, 2021, the District's attorney sent a "Notice of Non Award" to RJZ. Doc. No. 1-4. The notice confirmed that the Board rejected RJZ's bid because of timeliness on projects in 2019 and 2020 in northeastern North Dakota. Id. In closing, the notice informed RJZ "that your

bid was not deemed most favorable to the interest of the owner, even though you were the low bidder monetarily." Id.

On July 21, 2021, RJZ filed a verified complaint advancing claims for injunctive relief and declaratory judgment. Doc. No. 1. The next day, RJZ moved for a preliminary injunction. Doc. No. 4. Both the verified complaint and the motion were served on the District. Doc. No. 8.

In the meantime, the District has apparently awarded a $42,000 change order to Triple D, evincing the execution of a contract. Doc. No. 9-1, p. 1. And the Field Operations Manager for RJZ recently observed an excavator parked at the Drain 13 Project site along with Triple D personnel mowing the work area. Doc. No. 9-2. Counsel for RJZ has undertaken efforts to expeditiously serve the motion for temporary restraining order and has emailed copies of all pleadings and motions to the District's attorney. Doc. Nos. 9-3, 10, 10-1, 12.

## II.   JURISDICTION

Federal courts must possess jurisdiction before reaching the merits of a case. Va. House of Delegates v. Bethune-Hill, 587 U.S. ___, 139 S. Ct. 1945, 1950 (2019). The lone basis for jurisdiction alleged in the complaint is diversity of citizenship. Doc. No. 1, ¶ 5. Diversity jurisdiction attaches "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[A] plaintiff who has been challenged as to the amount in controversy has the burden of showing that the diversity jurisdiction requirements have been met." Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987) (citations omitted). Dismissal is warranted if the pleadings indicate to a legal certainty that the plaintiff cannot recover the amount claimed. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

RJZ's complaint exclusively pursues declaratory and injunctive relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977).

RJZ predicates its claims on an alleged violation of North Dakota's competitive bidding statute, which reads:

> At the time and place specified in the notice, a governing body or its designated agent shall open publicly and read aloud each responsible bid received. The governing body shall award the contract to the lowest responsible bidder. A governing body may reject any and all bids and readvertise for bids if no bid is satisfactory or if the governing body determines any agreement has been entered by the bidders or others to prevent competition. The governing body may advertise for new bids in accordance with this chapter until a satisfactory bid is received.

N.D. Cent. Code § 48-01.2-07. "Statutory competitive bidding requirements are enacted for the benefit of the public and taxpayers to invite competition; to prevent favoritism, fraud, corruption, improvidence, extravagance, and collusion; and to secure the best work or supplies at the lowest price practicable." Danzl v. City of Bismarck, 451 N.W.2d 127, 130 (N.D. 1990). Important for jurisdictional purposes, "a contractor generally may not recover damages against a public entity for violation of the competitive bidding statutes." Becker Elec., Inc. v. City of Bismarck, 469 N.W.2d 159, 160 (N.D. 1991).

With those principles in mind, the initial task is to determine the available remedy. RJZ contends that the proper remedy is to enjoin the District from executing or performing a contract with any other bidder. The Court disagrees.

Assuming without deciding that a violation of § 48-01.2-07 occurred here, the Court cannot compel the District to award the Drain 13 Project to RJZ. That is so because competitive bidding laws "are enacted to benefit the public and are not intended to directly benefit contractors." Becker

4

Elec., 469 N.W.2d at 160.  As another court in this district explained just months ago, the apposite (and more limited) remedy would be to afford the District "the discretion to either award the project to . . . the lowest responsible bidder or to exercise its discretion and reject any and all bids and rebid the project in accordance with the law." Cent. Specialties, Inc. v. Mountrail Cnty., Case No. 1:21-cv-00050, 2021 WL 2672043, at *7 (D.N.D. Apr. 12, 2021).  In other words, equitable relief would only go so far as to ensure the District's compliance with the competitive bidding statute—with RJZ later securing the Drain 13 Project as only one possible result.

That distinction makes all the difference for this litigation's remedial value.  Rather than the focal point being an entitlement to the award of a $168,272 contract, as RJZ contends, the true object is the mere possibility that the District will proceed with such an award if an injunction precludes enforcement of the preexisting contract with Triple D.

An ensuing chain of unpredictable events renders the value of that outcome difficult to quantify.  First, under its discretionary authority to reject all bids, the District may well refuse to award the Drain 13 Project to RJZ after the imposition of equitable relief.  Second, although an injunction would effectively void the contract with Triple D, nothing would then require the District to rebid the project at all.  Third, even if it did so, the District would retain some discretion to consider anew each bidder's "ability, capacity, reputation, experience, and efficiency." Baukol Builders, Inc. v. Cnty. of Grand Forks, 2008 ND 116, ¶ 27, 751 N.W.2d 191.  And finally, RJZ might not come out as the lowest bidder next time around.

In the end, RJZ's effort to utilize an injunction as a springboard to obtain a less than certain second bite at a contract for the Drain 13 Project is "too speculative and immeasurable to satisfy the amount in controversy requirement." Ericsson GE Mobile Comms., Inc. v. Motorola Comms. & Electronics, Inc., 120 F.3d 216, 221-22 (11th Cir. 1997); see also FLO Corp. v. Little Rock

Mun. Airport Comm'n, No. 4:07CV00541 SWW, 2007 WL 1703554, at *1-2 (E.D. Ark. June 12, 2007). Subject matter jurisdiction is therefore absent.

## III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the Court lacks jurisdiction over this matter. Accordingly, the complaint is hereby **DISMISSED WITHOUT PREJUDICE**. The pending motions for temporary restraining order and preliminary injunction (Doc. Nos. 4, 11) are **MOOT**.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 2nd day of August, 2021.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court